818 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Mack OXNER, Defendant-Appellant.
 No. 86-5157.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 15, 1987.
Decided May 11, 1987.
 
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Fritz Young Mercer, Jr., Carson & Mercer, on brief, for appellant.
 Charles R. Brewer, United States Attorney, David Alan Graham, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Johnny Oxner Was indicted for attempted bank robbery in violation of 18 U.S.C. Sec. 924(c); Secs. 2113(a) and (d). A jury found Oxner guilty on all three counts and he Was sentenced to 25 years in prison. On appeal, Oxner asserts that the trial court erred by admitting into evidence the text of the plea agreement of his former wife, Gwendolyn Oxner, a witness for the prosecution.
 
 
 2
 During the presentation of its case the prosecution called Ms. Oxner to the stand. Ms. Oxner testified that she had entered into a plea agreement With the prosecution pursuant to which she had pled guilty to taking part in the robbery. The court instructed the jury that the prosecution was going to offer Ms. Oxner's guilty plea into evidence for use in evaluating her credibility and that the jury should review the plea agreement with care and consider the witness's interest in the outcome when determining Whether she Was telling the truth. Over the objection of the defense counsel the plea agreement was read into the record.
 
 
 3
 Oxner asserts that the admission of the plea agreement into evidence was improper in that it was a self-serving statement used only to bolster the witness's credibility. This argument ignores this Court's decision in United States v. Henderson, 717 F.2d 135 (4th Cir. 1983), cert. denied, 465 U.S. 1009 (1984). In Henderson the appellant also asserted that the government had bolstered the credibility of its main witness by introducing a plea agreement on direct examination. Id. at 136. This Court found the plea agreement admissible absent evidence that the prosecution "derived any improper advantage" from introduction of the agreement. Id. at 138. The Court indicated that the plea agreement was admissible because (1) the prosecution did not imply that it had special knowledge of the veracity of the witness; (2) the judge instructed the jury on the "caution necessary in evaluating testimony given pursuant to a plea bargain"; and (3) the "promise Was not 'disproportionately emphasized or repeated' " by the prosecution. Id. (quoting United States v. Halbert, 640 F.2d 1000, 1004 (9th Cir. 1981)).
 
 
 4
 In this case, the judge thoroughly instructed the jury regarding the purpose for which the agreement was admitted and the caution with Which it should be considered. Oxner does not assert that the prosecutor referred back to the agreement or mentioned it in closing argument. Thus it is not apparent that the prosecution "derived any improper advantage" from the introduction of the plea agreement.
 
 
 5
 Accordingly, we affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed. R. App. P. 34 and Local Rule 34(a).
 
 AFFIRMED